is not in the custody of appellee, Eckle, Superintendent of the London Prison Farm. With the release of appellant from incarceration and custody, the case became moot.

Where, after commencement of a habeas corpus proceeding, the petitioner was released on parole, and was no longer in the custody of the warden, the proceeding is dismissed as moot. United States ex rel. St. John v. Cummings, 2 Cir., 233 F.2d 187. See also Weber v. Squier, 315 U.S. 810, 62 S.Ct. 800, 86 L.Ed. 1209; Ex parte Baez, 177 U.S. 378, 20 S.Ct. 673, 44 L.Ed. 813; Wales v. Whitney, 114 U.S. 564, 5 S.Ct. 1050, 29 L.Ed. 277.

The order of the District Court is affirmed.

---

Harry Price, New York City (Harry Sommers, Newark, N. J., on the brief), for appellant.

Lloyd C. Root, Chicago, Ill. (Harry B. Rook, Newark, N. J., Richard L. Johnston, Daniel V. O'Keeffe, Marzall, Johnston, Cook & Root, Chicago, Ill., on the brief), for appellee.

Before BIGGS, Chief Judge, and McLAUGHLIN and STALEY, Circuit Judges.

**AIR DEVICES, INC., Appellant**

v.

**TITUS MANUFACTURING CORP.**

**and**

**C. R. Hutcheon, Incorporated.**

**No. 12878.**

United States Court of Appeals Third Circuit.

Argued June 12, 1959.

Decided Aug. 11, 1959.

PER CURIAM.

The court below granted a motion filed by Titus, an Iowa corporation, to quash the service as to it and dismissed Titus as a party defendant to the suit, entering judgment pursuant to Rule 54(b), Fed.R.Civ.Proc., 28 U.S.C. The complaint alleged infringement of copyright laws and unfair competition. The action invoked the jurisdiction of the court below on the basis of diversity and under the copyright laws, 28 U.S.C. §§ 1391 (c), 1332, and 1338 (1952). The court below, after a careful review of the record, found that Hutcheon's status in its relationship to Titus was that of an independent contractor and that therefore Titus was not present in New Jersey in a sense that would support service of process. See 28 U.S.C. § 1400(a)

(1952); Rule 4, Fed.R.Civ.Proc., 28 U. S.C., and Springs Cotton *Mills* v. *Machinecraft, Inc.*, D.C.S.C.1957, 156 F. Supp. 372. See also *Davega, Inc.* v. *Lincoln Furniture Mfg. Co.*, 2 Cir., 1928, 29 F.2d 164. It appears clearly that Titus has not maintained the minimum contacts in New Jersey necessary to warrant the court below in assuming jurisdiction of the foreign corporation, Titus.

Finding no error in the judgment appealed from, it will be affirmed.

**Robert Wm. CRAWFORD, Petitioner,**

**v.**

**COMMON PLEAS COURT OF LUCAS COUNTY, Toledo, OHIO, et al., and Circuit Court of Kalamazoo, Michigan, et al., Respondents.**

United States Court of Appeals
Sixth Circuit.

Aug. 19, 1959.

Alan C. Joseph, Cincinnati, Ohio, for appellant.

William Saxbe, Atty. Gen. of Ohio, Paul L. Adams, Atty. Gen. of Michigan, for appellees.

PER CURIAM.

Petitioner's application of June 24, 1959, for a writ of habeas corpus is de-

nied. The Court of Appeals has no jurisdiction to entertain a petition for habeas corpus. Sec. 2241, Title 28 U.S. C.; *Meek* v. *State of California*, 9 Cir., 220 F.2d 348; *Posey* v. *Dowd*, 4 Cir., 134 F.2d 613.

Petitioner's applications for certificate of probable cause and for leave to appeal in forma pauperis are denied. Sec. 2253, Title 28 U.S.C.; *Ex parte Farrell*, 1 Cir., 189 F.2d 540, 543, 545, certiorari denied *Farrell* v. *O'Brien*, 342 U.S. 839, 72 S.Ct. 64, 96 L.Ed. 634; *Sheehan* v. *Huff*, 78 App.D.C. 391, 142 F.2d 81, certiorari denied 322 U.S. 764, 64 S.Ct. 1287, 88 L.Ed. 1591; *Frisbie* v. *Collins*, 342 U.S. 519, 522, 72 S.Ct. 509, 96 L.Ed. 541, rehearing denied 343 U.S. 937, 72 S.Ct. 768, 96 L.Ed. 1344.

**D. F. SMITH, Trustee in Bankruptcy, Appellant,**

**v.**

**MERCHANTS WHOLESALE GROCERY COMPANY, Appellee.**

**No. 13836.**

United States Court of Appeals
Sixth Circuit.

June 22, 1959.

